**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| REBECCA DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    12-CV-603-TCK-FHM |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, REBECCA DAY ("Plaintiff"), through her attorneys, and hereby alleges the following against GC SERVICES, LP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Defendant conducts business in the State of Oklahoma establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in Mannford, Oklahoma.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt as "debt" is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff, therefore, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant contacts Plaintiff attempting to collect a credit card debt on behalf of Chase Bank USA, N.A.

13. The debt arises from transactions which were for personal, family and household purposes

14. In its collection attempts, Defendant mails letters and places telephone calls to Plaintiff.

15. Defendant places telephone calls to Plaintiff at her place of residence at telephone number xxx-xxx-4224.

16. Defendant will leave a voice messages for Plaintiff when Plaintiff is unable to answer its call.

17. In or around September 2012, Defendant called Plaintiff in connection with its attempts to collect the Chase debt and left a voicemail fro Plaintiff. *See* transcribed of voice message, attached hereto as Exhibit A.

18. Defendant asks Plaintiff to return its call(s) to 602-674-1574. *See* Exhibit A.

19. The telephone number provided, 602-674-1574, connects callers directly to Defendant's collector that left the message.

20. However, Defendant's collector does not identify its company to inform Plaintiff which company she is being asked to call back. *See* Exhibit A.

21. Defendant's collector also failed to inform Plaintiff that it is a debt collector or that its call is about a debt. *See* Exhibit A.

22. Defendant withholds its identity and nature of its call to mislead and deceive Plaintiff into calling so it can procure money from her.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   b) Defendant violated §1692d(6) of the FDCPA by placing telephone calls without providing meaningful disclosure of its identity;

   c) Defendant violated §1692e(10) of the FDCPA by using deceptive means to collect or attempt to collect the alleged debt; and

   d) Defendant violated §1692e(11) of the FDCPA by failing to disclose that its calls were from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. § 1692k.

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. § 1692k.

26. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

PARAMOUNT LAW

  /s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
115 W. 3rd St., Ste. 411
Tulsa, OK 74103
(918) 200-9272

*Attorney for Plaintiff*